Certiorari Denied, July 19, 2012, No. 33,679

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2012-NMCA-087

Filing Date: June 6, 2012

Docket No. 30,498

STATE OF NEW MEXICO,

 Plaintiff-Appellee,

v.

ARLENE SCHARFF,

 Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Thomas J. Hynes, District Judge

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

University of New Mexico School of Law
Scott M. Davidson, Counsel of Record & Supervising Attorney
Albuquerque, NM

Bruce Rogoff, Adjunct Professor of Law
Santa Fe, NM
Robert Milder, Practicing Law Student
Brianne Bigej, Practicing Law Student
Shannon Crowley, Practicing Law Student
Nicholas Sitterly, Practicing Law Student
Albuquerque, NM

for Appellant

1

**OPINION**

**FRY, Judge.**

**{1}**     In this appeal, we consider the applicability of a stop-and-yield provision in New Mexico's Motor Vehicle Code that requires a driver of a vehicle "emerging from an alley, driveway or building" to stop the vehicle "immediately prior to driving onto a sidewalk or the sidewalk area extending across any alleyway or driveway" and to yield to pedestrians and oncoming traffic before entering the roadway.  NMSA 1978, § 66-7-346 (1978).  In this case, a county sheriff's deputy initiated a traffic stop of a vehicle driven by Defendant Arlene Scharff after he observed her vehicle exit from a parking lot and stop on, rather than before, a sidewalk area adjacent to the parking lot prior to entering the roadway.

**{2}**     Defendant appeals the district court's denial of her pretrial motion to suppress evidence obtained during the traffic stop, arguing that the deputy committed a mistake of law because Section 66-7-346 does not apply to parking lots and further because the stop was pretextual.  We conclude that there was no mistake of law and that Defendant failed to meet her burden of proof to show pretext based on the totality of the circumstances.  We therefore affirm.

**I.     BACKGROUND**

**{3}**     San Juan County Deputy James Roberts was on DUI (driving under the influence of intoxicating liquor or drugs) and traffic patrol duty in Farmington, New Mexico.  At approximately 10:30 p.m., Deputy Roberts was driving westbound on Main Street when he observed a vehicle exiting a parking lot that serviced several businesses, including a bar and a liquor store.  As the vehicle approached the sidewalk area next to the parking lot, Deputy Roberts saw the vehicle stop on the sidewalk before it entered Main Street and proceeded eastbound.  Deputy Roberts determined that the vehicle's stopping on the sidewalk, rather than before the sidewalk area, constituted a violation of Section 66-7-346 of New Mexico's Motor Vehicle Code, NMSA 1978, Sections 66-1-1 to -8-141 (1978, as amended through 2011).  On this basis, Deputy Roberts made a U-turn, activated his emergency lights, and initiated a traffic stop of the vehicle.

**{4}**     Upon making contact with Defendant, who was the driver, Deputy Roberts noticed a strong odor of alcohol coming from the vehicle, and he therefore proceeded to conduct a DUI investigation.  After administering field sobriety tests, Deputy Roberts arrested Defendant for DUI .  Defendant was charged by criminal information with DUI, contrary to Section 66-8-102(C)(1); failure to stop before emerging from an alley or private driveway, contrary to Section 66-7-346; and driving on a revoked or suspended license, contrary to Section 66-5-39.

**{5}**     Defendant filed a pretrial motion to suppress the evidence obtained from the traffic stop on the basis that the stop was not supported by reasonable suspicion and further that Deputy Roberts had a pretextual reason for initiating the stop "based on the fact that [Defendant] was exiting . . . a drinking establishment" at the time of the alleged traffic

2

violation. At the hearing, Defendant argued that Deputy Roberts made a mistake of law in determining that she had violated Section 66-7-346 because she was exiting from a parking lot, and Section 66-7-346 applies only to vehicles that fail to stop before the sidewalk area when exiting from alleys, driveways, and buildings.

{6}     The district court denied Defendant's motion to suppress. In its written order, the district court entered the following findings: (1) that "Defendant was driving a vehicle which was exiting the parking lot of the Top Deck Lounge," (2) that "Defendant did not stop prior to crossing a sidewalk which was adjacent to the parking lot," and (3) that "Defendant did stop while her [vehicle's] front wheels were on the sidewalk." The district court's oral and written order denying the motion to suppress did not include a ruling on the pretext issue raised in Defendant's written motion. Defendant then entered conditional guilty pleas to DUI and driving on a suspended or revoked license, reserving the right to appeal the denial of her motion to suppress. This appeal followed.

## II.     DISCUSSION

{7}     On appeal, Defendant argues that the district court erroneously denied her motion to suppress on the following two grounds: (1) the traffic stop was not supported by reasonable suspicion because it was based on a mistake of law regarding the applicability of Section 66-7-346, and (2) the traffic stop was pretextual. We address each of these arguments in turn.

### A.     Standard of Review

{8}     Because suppression of evidence is a mixed question of law and fact, we apply a two-part review to the district court's denial of the motion to suppress. We review any factual questions under a deferential substantial evidence standard, and we review the application of the law to the facts de novo. *State v. Neal*, 2007-NMSC-043, ¶ 15, 142 N.M. 176, 164 P.3d 57. In doing so, we "review the facts in the light most favorable to the . . . district court's factual findings so long as substantial evidence exists to support those findings." *Id.*

{9}     "Before a police officer makes a traffic stop, he must have a reasonable suspicion of illegal activity." *State v. Anaya*, 2008-NMCA-020, ¶ 6, 143 N.M. 431, 176 P.3d 1163. "Reasonable suspicion must be based on specific articulable facts and the rational inferences that may be drawn from those facts." *Id.* (internal quotation marks and citation omitted). We analyze the reasonableness of a stop by considering "(1) whether the stop was justified at its inception and (2) whether continued detention was reasonably related in scope to the original circumstances justifying the stop." *Id.* In this case, we examine only the first part of the test—whether the stop was justified at its inception—because Defendant has not alleged that Deputy Roberts exceeded the scope of the initial stop.

### B.     The Traffic Stop Was Not Based on a Mistake of Law

{10}    Defendant argues that the traffic stop was not supported by reasonable suspicion because Deputy Roberts made a mistake of law when he concluded that Defendant violated

3

Section 66-7-346 of New Mexico's Motor Vehicle Code. Deputy Roberts testified at the suppression hearing that he initiated a traffic stop of Defendant's vehicle after he saw her vehicle approach the sidewalk area next to the parking lot and stop on the sidewalk before entering the roadway. Deputy Roberts concluded that this was a violation of Section 66-7-346. Defendant argues that the traffic stop was per se unreasonable because it was premised solely on Deputy Roberts' mistaken understanding of this statute. Defendant contends that she was emerging from a parking lot at the time of the alleged traffic violation and that Section 66-7-346 applies only to alleys, driveways, and buildings.

**{11}** We begin by analyzing Section 66-7-346 to determine whether Deputy Roberts made a mistake of law in initiating a traffic stop under the circumstances. In analyzing Section 66-7-346, our primary goal is to effectuate the Legislature's intent. *See State v. Davis*, 2003-NMSC-022, ¶ 6, 134 N.M. 172, 74 P.3d 1064. "The plain language of the statute is the primary indicator of legislative intent, so we look first to the words the Legislature used and their ordinary meaning." *State v. Gutierrez*, 2007-NMSC-033, ¶ 30, 142 N.M. 1, 162 P.3d 156. "Under the plain meaning rule, when a statute's language is clear and unambiguous, we will give effect to the language and refrain from further statutory interpretation." *State v. Hubble*, 2009-NMSC-014, ¶ 10, 146 N.M. 70, 206 P.3d 579 (internal quotation marks and citation omitted). However, if the language of the statute is "doubtful, ambiguous, or an adherence to the literal use of the words would lead to injustice, absurdity or contradiction," we reject the plain meaning rule in favor of construing the statute "according to its obvious spirit or reason." *Davis*, 2003-NMSC-022, ¶ 6. "When construing a statute according to its obvious spirit, courts may substitute, disregard or eliminate, or insert or add words to a statute." *State v. Moya*, 2007-NMSC-027, ¶ 6, 141 N.M. 817, 161 P.3d 862 (internal quotation marks and citation omitted); *see also State v. Maestas*, 2007-NMSC-001, ¶ 15, 140 N.M. 836, 149 P.3d 933 ("We may only add words to a statute where it is necessary to make the statute conform to the [L]egislature's clear intent, or to prevent the statute from being absurd.").

**Applicability of Section 66-7-346**

**{12}** Section 66-7-346 is entitled, "Stop before emerging from alley or private driveway" and provides,

> The driver of a vehicle within a business or residence district emerging from an *alley, driveway or building* shall stop such vehicle immediately prior to driving onto a sidewalk or the sidewalk area extending across any alleyway or driveway, and shall yield the right-of-way to any pedestrian as may be necessary to avoid collision, and upon entering the roadway shall yield the right-of-way to all vehicles approaching on said roadway.

(Emphasis added.)

**{13}** The plain language of Section 66-7-346 refers only to vehicles emerging from "an alley, driveway or building" and does not expressly include the term "parking lots." Defendant argues that this language reflects the Legislature's deliberate intention to exclude parking lots from the reach of Section 66-7-346. Maintaining that she was exiting from a

4

parking lot at the time that Deputy Roberts observed her vehicle, Defendant argues that these circumstances fall outside the purview of Section 66-7-346. The State argues, however, that excluding sidewalk areas in front of business parking lots from the scope of Section 66-7-346 would be inconsistent with the purpose of the statute, which the State contends is to "protect pedestrians and motorists from vehicles emerging from points of ingress or egress."

**{14}** The Legislature has not expressly defined an alley, driveway, or building in Section 66-7-346 or elsewhere in the Motor Vehicle Code. Of the terms that are at issue in this case, "parking lot" is the only one defined by the Legislature in the Motor Vehicle Code. *See* § 66-1-4.14(B) (defining "parking lot" as "a parking area provided for the use of patrons of any office of state or local government or of any public accommodation, retail or commercial establishment" (internal quotation marks omitted)). And although "driveway" is not defined, the Legislature has defined a "private driveway" in the Motor Vehicle Code as "every way or place in private ownership used for vehicular travel by the owner and those having express or implied permission from the owner, but not other persons." *See* § 66-1-4.14(K) (defining "private road or driveway" (internal quotation marks omitted)).

**{15}** Although Defendant is correct that the plain language of Section 66-7-346 omits parking lots, we are not persuaded by her contention that the Legislature intended for the situation present in this case to fall outside the scope of Section 66-7-346. Here, there was a parking lot in a business district that had both an area for the parking of vehicles as well as a path for vehicular travel that allowed patrons ingress and egress to Main Street. The parties do not dispute that there was a sidewalk that spanned this access point between the roadway and the private property lines. *See* § 66-1-4.16(H) (defining "sidewalk" as "a portion of street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines, intended for the use of pedestrians" (internal quotation marks omitted)). We conclude that the location where Defendant was observed stopping her vehicle was no longer merely a parking lot but a driveway, as that term is defined in Section 66-1-4.14(K), that contained a sidewalk area.

**{16}** We agree with the State that the general purpose behind Section 66-7-346 is to protect pedestrians and traffic from vehicles emerging from ingress and egress points. It makes little sense that the Legislature intended Section 66-7-346 to protect pedestrians crossing on sidewalks near "alleys, driveways, and buildings" but not to protect pedestrians using sidewalks in the path of vehicles leaving parking lots. And we note in particular that the Legislature has expressly prohibited vehicles from stopping on sidewalks, regardless of the location of the sidewalk, which confirms its intent to protect pedestrians. *See* § 66-7-351(A)(1) (providing that "[n]o person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, in any of the following places: (1) on a sidewalk"). To conform with the Legislature's intent, we conclude that Section 66-7-346 was intended to encompass the circumstances in this case. Deputy Roberts did not commit a mistake of law in determining that Defendant had violated Section 66-7-346.

## C.    Pretext

5

**{17}** Defendant also contends that the district court erred in denying her suppression motion because the traffic stop was pretextual. She argues that Deputy Roberts' stated reason for stopping Defendant, a violation of Section 66-7-346, was pretextual because the actual motive for the stop was to conduct a DUI investigation since Deputy Roberts saw Defendant leaving the parking lot of a drinking establishment at the time of the traffic violation.

**{18}** In *State v. Ochoa*, we defined a pretextual stop as "a detention supportable by reasonable suspicion or probable cause to believe that a traffic offense has occurred, but [which] is executed as a pretense to pursue a 'hunch,' a different more serious investigative agenda for which there is no reasonable suspicion or probable cause." 2009-NMCA-002, ¶ 25, 146 N.M. 32, 206 P.3d 143. "In performing a pretextual traffic stop," we stated, "a police officer is stopping the driver, not to enforce the traffic code, but to conduct a criminal investigation unrelated to the driving." *Id.* ¶ 16 (internal quotation marks and citation omitted). We also identified the burdens the parties must carry when a defendant asserts pretext:

> First, the trial court must determine whether there was reasonable suspicion or probable cause for the stop. As usual, the [s]tate has the burden of proof to justify the stop under an exception to the warrant requirement. If the stop can be justified objectively on its face and the defendant argues that the seizure was nevertheless unreasonable because it was pretextual under the New Mexico Constitution, then the district court must decide whether the officer's motive for [the stop] was unrelated to the objective existence of reasonable suspicion or probable cause. *The defendant has the burden of proof to show pretext based on the totality of the circumstances.*

*Id.* ¶ 40 (second alteration in original) (emphasis added) (internal quotation marks and citations omitted).

**{19}** We agree with the State that Defendant failed to meet her burden of proof to show pretext. Defendant initially raised the pretext argument in her written pleadings related to the suppression motion. However, Defendant later failed to raise the issue during the suppression hearing and did not invoke a ruling by the district court on the pretext issue. The focus of Defendant's argument during the forty-five minute hearing was whether reasonable suspicion existed for the stop and, specifically, whether Deputy Roberts had initiated the traffic stop based on a mistake of law concerning the applicability of Section 66-7-346. With the exception of Deputy Roberts' testimony that Defendant was leaving the parking lot of a drinking establishment at the time the traffic violation occurred, Defendant elicited no testimony indicating that the traffic stop was initiated as a pretext or ruse to conduct a DUI investigation. Once the district court concluded that there was reasonable suspicion for the stop, Defendant made no argument to the court that the stop was nevertheless pretextual. Thus, Defendant ultimately failed to establish the necessary factual background and meet her burden of proof. *See Ochoa*, 2009-NMCA-002, ¶ 40 ("If the defendant has not placed substantial facts in dispute indicating pretext, then the seizure is not pretextual.").

**CONCLUSION**

**{20}** Based on the foregoing, we affirm the district court's denial of Defendant's motion to suppress.

**{21} IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**

**Topic Index for _State v. Scharff_, Docket No. 30,498**

**APPEAL AND ERROR**
Standard of Review

**CONSTITUTIONAL LAW**
Suppression of Evidence

**CRIMINAL LAW**
Motor Vehicle Violations
Driving While Intoxicated

**CRIMINAL PROCEDURE**
Pretextual Stop

**STATUTES**
Interpretation
Legislative Intent