This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

     Plaintiff-Appellee,

v.                       **No. 32,034**

**JOHNNY MILLER,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean Jr., District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acing Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals his convictions, pursuant to a conditional plea agreement, for felony child abuse (negligently caused, no death or great bodily harm) and misdemeanor driving while under the influence of intoxicating liquor (.08 or above, first offense), for which he was sentenced to an enhanced term of imprisonment as an habitual offender. Defendant's plea agreement reserved the right to challenge the district court's denial of his motion to suppress. The issue on appeal is whether Deputy Bell had a reasonable suspicion to stop Defendant's truck based on the deputy's belief that a rock was thrown at his patrol car while he was driving on the interstate at night and that the rock was thrown from Defendant's truck. We affirm.

**Facts**

The following facts were elicited at the suppression hearing through the testimony of Deputy Bell. While driving westbound on Highway 64 on a dark night, Deputy Bell heard what he described as a "loud thud" that "sounded like a rock hitting the driver's side of my vehicle . . . coming from the south." At the time he heard the thud, Deputy Bell was in the vicinity of an intersection between Highway 64 and a county road.

In response to the thud, Deputy Bell testified that he had a "startle response" and "was processing what I had just heard." Deputy Bell testified that, during this brief time, he continued driving westbound at 45 to 55 mph for less than 1,000 feet after which he stopped, turned around, and then drove back eastbound to look for who threw the rock. Deputy Bell's patrol car video, which was introduced into evidence by the defense, showed that Deputy Bell turned around after approximately 600 feet from when he heard the thud and shone a spotlight on the side of the road as he drove eastbound.

Deputy Bell testified that, when he came back to the intersection where he heard the thud, he saw only one other person and vehicle: Defendant in his truck, pulling out of the county road and onto the highway. Deputy Bell testified that he suspected Defendant of throwing the rock because he was the only person he saw in the vicinity of where he heard the thud. After Defendant turned onto the highway, Deputy Bell activated his emergency lights and siren and initiated a stop. At the suppression hearing and on appeal, Defendant challenges only the legality of the stop, so we do not discuss the events after the stop which ultimately led to Defendant's convictions.

**Standard of Review and Reasonable Suspicion for a Traffic Stop**

Because suppression of evidence is a mixed question of law and fact, we apply a two-part review to a district court's decision regarding a motion to suppress. We determine "whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party." *State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856 (internal quotation marks and citation omitted). In doing so, we defer to the district court's findings of facts to the extent they are supported by substantial evidence. *Id.* We "review the application of the law to these facts, including determinations of reasonable suspicion, under a de novo standard of review." *State v. Patterson*, 2006-NMCA-037, ¶ 13, 139 N.M. 322, 131 P.3d 1286.

"[A]n officer may detain a person in order to investigate possible criminal activity." *Jason L.*, 2000-NMSC-018, ¶ 20 (internal quotation marks and citation omitted). An "[i]nvestigatory detention is permissible when there is a reasonable and articulable suspicion that the law is being or has been broken." *Id.* (internal quotation marks and citation omitted). "A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law." *Id.* When an officer stops a vehicle to investigate a possible crime, we analyze the reasonableness of a traffic stop by considering "(1) whether the stop was justified at its inception and (2) whether continued detention was

4

reasonably related in scope to the original circumstances justifying the stop." *State v. Scharff*, 2012-NMCA-087, ¶ 9, 284 P.3d 447 (internal quotation marks and citation omitted). In the present case, we examine only the first part of the test—whether the stop was justified at its inception—because Defendant does not argue that Deputy Bell exceeded the scope of the initial stop.

**Deputy Bell Had Reasonable Suspicion to Stop Defendant's Truck**

We address first Defendant's assertion that Deputy Bell lacked reasonable suspicion that a crime had been committed. As elicited at the suppression hearing, while driving on Highway 64, Deputy Bell heard what he described as a "loud thud" which "sounded like a rock hitting the driver's side of my vehicle." We recognize that the deputy testified on cross-examination that he was not certain that a rock had hit his vehicle. However, the question is whether the district court's "decision is supported by substantial evidence, not whether the [district] court could have reached a different conclusion." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. Viewing the facts in the light most favorable to the State, we conclude they provided Deputy Bell with reasonable suspicion to believe that someone threw a rock at his vehicle, which Defendant does not dispute is a crime.

We examine next whether the deputy had reasonable suspicion that the suspected rock was thrown from Defendant's vehicle. After Deputy Bell heard the

5

loud thud, he traveled a short distance of less than a 1,000 feet before he turned around to investigate. When Deputy Bell returned to the intersection in the vicinity of where he heard the thud, he saw no other persons or vehicles other than Defendant and his truck, on the south side of the intersection from where the suspected rock was thrown.

In sum, a suspected crime took place and, very shortly after its commission, the only person and vehicle observed in the vicinity of the suspected crime location was Defendant and his truck. Given these circumstances, we conclude that the deputy had reasonable suspicion that Defendant had been involved in the throwing of the rock, thereby justifying an investigative stop of Defendant's vehicle. *See, e.g., State v. Watley*, 109 N.M. 619, 624, 788 P.2d 375, 380 (Ct. App. 1989) (holding that officers had reasonable suspicion to stop a suspect seen driving late at night only a short distance from the area in which a crime had been committed).

We lastly acknowledge the State's alternative argument that, in the event the deputy lacked reasonable suspicion that Defendant himself threw the rock, the stop was nonetheless justified based on Defendant's status as a potential witness to a just-completed crime. *See generally State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141 N.M. 185, 152 P.3d 828 (holding that the appellate court will affirm the district court's decision if it is right for any reason, so long as it is not unfair to the appellant).

6

Because we affirm on the grounds argued at the suppression hearing, namely that the deputy had reasonable suspicion that Defendant himself threw a rock at his patrol car, we need not examine the merits of this alternative argument.

**CONCLUSION**

For the reasons discussed, we conclude that the district court's denial of Defendant's motion to suppress was proper, and therefore affirm his convictions.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**J. MILES HANISEE, Judge**