STATE V. TURQUOISE

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**SHAWN RAY TURQUOISE,**
**Defendant-Appellant.**

Docket No. A-1-CA-36760
COURT OF APPEALS OF NEW MEXICO
May 30, 2019

APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY, Robert A. Aragon, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, John J. Woykovsky, Assistant Attorney General, Albuquerque, NM for Appellee

Bennett J. Baur, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR:  JENNIFER L. ATTREP, Judge ZACHARY A. IVES, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**     Defendant Shawn Ray Turquoise appeals the district court's order denying his motion to suppress evidence obtained from a traffic stop on the ground that the stop was not supported by reasonable suspicion. We affirm.

**BACKGROUND**

**{2}** At approximately 2:00 a.m., New Mexico State Police Officer Wyatt Wilson was driving behind Defendant on Interstate 40. After observing Defendant drift out of his lane several times, Officer Wilson stopped Defendant for failure to maintain his lane, in violation of NMSA 1978, Section 66-7-317 (1978), and ultimately arrested him for driving while intoxicated (DWI), in violation of NMSA 1978, Section 66-8-102 (2016). Defendant moved to suppress the evidence obtained from the traffic stop, arguing that the initial stop violated the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution because it was not supported by reasonable suspicion.

**{3}** After the magistrate court denied the motion, Defendant entered a conditional guilty plea to DWI, reserving the right to appeal the denial of his motion to suppress. On appeal, the district court held a suppression hearing, at which Officer Wilson testified to the following. As Officer Wilson was following Defendant's vehicle on the interstate, he observed Defendant's vehicle cross the right-side fog line two times and then cross the center dotted line once. He also observed Defendant weaving within his lane. Officer Wilson recalled that the interstate was dry and free of obstructions except for one pothole which Defendant appeared to avoid. He also testified that traffic was "light to medium," and that he did not observe any cars pass Defendant.

**{4}** Officer Wilson stopped Defendant for failure to maintain his lane. *See* § 66-7-317(A) ("Whenever any roadway has been divided into two or more clearly marked lanes for traffic . . . a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety[.]"). Officer Wilson did not believe he had reasonable suspicion that Defendant was impaired when he pulled him over because, in his experience, there were several potential reasons why drivers drifted out of their lanes, such as tiredness and medical issues. He explained, "Just because I see this type of violation doesn't mean that this person is DWI. That comes . . . further during the investigation, that's when I determine . . . if it is a DWI or not." In addition to Officer Wilson's testimony, the district court also admitted into evidence Officer Wilson's dashcam video, which corresponded to Officer Wilson's testimony that Defendant weaved within his lane and crossed the right-side fog line and center line multiple times within the course of approximately two minutes.

**{5}** The district court denied Defendant's motion and entered findings of fact and conclusions of law. The district court found that Defendant crossed out of his lane three times. However, the district court found that "[n]o other vehicle was traveling either in the lane alongside . . . Defendant nor in the lane used by him during the time depicted in the [dashcam] video[.]" Based on the undisputed absence of other traffic, the district court concluded that Defendant did not violate Section 66-7-317 because Defendant's failure to maintain lane did not create a safety hazard. Nonetheless, the court concluded that Defendant's driving "can raise reasonable suspicion of impairment to the slightest degree even in the absence of a safety hazard created by the movement from one lane to an adjacent one." As such, the district court denied Defendant's motion to suppress

on the basis that the stop was supported by reasonable suspicion of DWI. Defendant now appeals the denial of his motion to suppress.

## DISCUSSION

### Standard of Review

**{6}** "Because suppression of evidence is a mixed question of law and fact, we apply a two-part review to the district court's denial of the motion to suppress." *State v. Scharff*, 2012-NMCA-087, ¶ 8, 284 P.3d 447. "[W]e review the facts in the light most favorable to the prevailing party, deferring to the district court's factual findings so long as substantial evidence exists to support those findings." *State v. Neal*, 2007-NMSC-043, ¶ 15, 142 N.M. 176, 164 P.3d 57. "Our review of a district court's determination of whether reasonable suspicion existed is de novo based on the totality of the circumstances." *State v. Leyva*, 2011-NMSC-009, ¶ 30, 149 N.M. 435, 250 P.3d 861.

### Officer Wilson Had Reasonable Suspicion to Stop Defendant for DWI

**{7}** "A police officer can initiate an investigatory traffic stop without infringing the Fourth Amendment or Article II, Section 10 if the officer has a reasonable suspicion that the law is being or has been broken."[1] *State v. Martinez*, 2018-NMSC-007, ¶ 10, 410 P.3d 186 (internal quotation marks and citation omitted). "[A]ppellate courts will find reasonable suspicion if the officer is aware of specific articulable facts, together with rational inferences from those facts, that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring." *State v. Dopslaf*, 2015-NMCA-098, ¶ 8, 356 P.3d 559 (internal quotation marks and citation omitted). "The test [for reasonable suspicion] is an objective one. The subjective belief of the officer does not in itself affect the validity of the stop; it is the evidence known to the officer that counts, not the officer's view of the governing law." *State v. Munoz*, 1998-NMCA-140, ¶ 9, 125 N.M. 765, 965 P.2d 349. In other words, a stop is supported by reasonable suspicion if there exist facts to support the inference that a law has been or is being violated, even when the officer believes that the facts support reasonable suspicion of a violation of a different law. *See State v. Anaya*, 2008-NMCA-020, ¶¶ 13-15, 143 N.M. 431, 176 P.3d 1163 (discussing New Mexico cases holding that if facts articulated by an officer support reasonable suspicion, the stop can be upheld), *abrogated on other grounds as recognized by Dopslaf*, 2015-NMCA-098.

---

1Besides generally citing Article II, Section 10, Defendant fails to develop any argument that our analysis on this issue should differ under our state constitution. "Thus, we assume without deciding that both constitutions afford equal protection to individuals against unreasonable seizures in this context, and we analyze the constitutionality of the seizure under one uniform standard." *State v. Ochoa*, 2004-NMSC-023, ¶ 6, 135 N.M. 781, 93 P.3d 1286; *see State v. Yazzie*, 2016-NMSC-026, ¶ 38, 376 P.3d 858 ("Although we have interpreted Article II, Section 10 to provide broader protections against unreasonable search and seizure than the Fourth Amendment in some contexts, we have never interpreted the New Mexico Constitution to require more than a reasonable suspicion that the law is being or has been broken to conduct a temporary, investigatory traffic stop[.]" (citation omitted)).

**{8}** Defendant does not dispute the district court's factual findings that he crossed out of his lane three times. Rather, he contends that Officer Wilson did not have reasonable suspicion to stop Defendant because, as a matter of law, Defendant could not violate Section 66-7-317 absent other traffic alongside his vehicle and because "[Defendant] was capable of handling his car with safety, as evidenced by the district court's findings and conclusions." He also argues that Officer Wilson's justification for the stop (i.e., the failure to maintain lane violation) was a pretext for a DWI investigation. The State, in turn, contends that Officer Wilson had reasonable suspicion to stop Defendant for DWI based on Defendant's weaving in and out of his lane. The State alternatively contends, under the right for any reason doctrine, that Officer Wilson had reasonable suspicion to stop Defendant for failure to maintain lane and that the stop was not pretextual. *See State v. McNeal*, 2008-NMCA-004, ¶ 2, 143 N.M. 239, 175 P.3d 333 (stating that we may affirm the district court if it is right for any reason). We agree with the State that the district court properly found that Officer Wilson had reasonable suspicion to stop Defendant for DWI, and we affirm its denial of Defendant's motion to suppress.

**{9}** We begin by noting that, contrary to Defendant's assertions, the district court did not find that Defendant was driving in a safe manner but rather that Defendant's weaving did not create an immediate safety hazard because there were no other vehicles travelling alongside Defendant. However, as the district court correctly concluded, "[Defendant's driving] can raise reasonable suspicion of impairment to the slightest degree even in the absence of a safety hazard created by the movement from one lane to an adjacent one." DWI does not depend on whether Defendant's driving created a safety hazard to an identifiable third party, only that Defendant was less able to the slightest degree to handle his vehicle safely due to drinking. *See* § 66-8-102(A) ("It is unlawful for a person who is under the influence of intoxicating liquor to drive a vehicle within this state."); *State v. Gurule*, 2011-NMCA-042, ¶ 7, 149 N.M. 599, 252 P.3d 823 ("In order to convict under [Section 66-8-102](A), a court must find that the defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the driver and the public as a result of drinking the liquor." (internal quotation marks and citation omitted)); *see also* UJI 14-4501 NMRA (listing essential elements for DWI). Thus, the fact that Defendant's weaving did not endanger any other motorists is immaterial to the question of whether an officer had reasonable suspicion of DWI.

**{10}** Regardless of Officer Wilson's testimony that he pulled Defendant over for violating Section 66-7-317, Defendant's unexplained weaving was sufficient to raise reasonable suspicion of DWI whether or not Defendant violated Section 66-7-317. *See State v. Hubble*, 2009-NMSC-014, ¶ 28, 146 N.M. 70, 206 P.3d 579 ("[I]t is not fatal in terms of reasonable suspicion if an officer makes a mistake of law when he conducts a traffic stop; courts will still look objectively to the totality of the circumstances surrounding the officer's decision to conduct the traffic stop in order to determine if he or she had reasonable suspicion."). Officer Wilson observed sufficient specific, articulable facts that would lead a reasonable person to believe Defendant was driving while intoxicated. He observed Defendant cross the right-side fog line twice and cross the

center dotted line once. When Defendant crossed the center dotted line, he traveled for several yards with both left side wheels well into the other lane. Additionally, Officer Wilson observed Defendant weaving within his lane for about two minutes. Officer Wilson also testified that the highway was free of obstructions, the existence of which could have otherwise explained Defendant's driving behavior.[2] We have previously held that an officer's observation of motorists weaving in and out of traffic lanes may justify the initiation of a traffic stop to determine whether the driver is intoxicated. *See, e.g.*, *State v. Ruiz*, 1995-NMCA-098, ¶ 24, 120 N.M. 534, 903 P.2d 845 (holding that an officer's "observations of [the d]efendant's car weaving" supplied reasonable suspicion to initiate a traffic stop and to conduct a DWI investigation), *abrogated on other grounds by State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894. Thus, the district court properly determined that Officer Wilson's observations of Defendant's weaving in and out of his lane, coupled with the rational inferences therefrom, were sufficient to establish reasonable suspicion of DWI.

**{11}**     The fact that Officer Wilson did not believe he had reasonable suspicion to stop Defendant for DWI because there were other possible reasons for Defendant's driving does not change our conclusion. An officer's subjective belief will not invalidate a stop "if the officer is aware of specific articulable facts, together with rational inferences from those facts, that, when *judged objectively*, would lead a *reasonable person* to believe criminal activity occurred or was occurring." *Dopslaf*, 2015-NMCA-098, ¶ 8 (emphases added) (internal quotation marks and citation omitted); *see Munoz*, 1998-NMCA-140, ¶ 9 ("The subjective belief of the officer does not in itself affect the validity of the stop[.]"). Indeed, while there may have been innocent explanations for Defendant's driving, "[r]easonable suspicion need not rule out the possibility of innocent conduct." *Yazzie*, 2016-NMSC-026, ¶ 22 (omission, internal quotation marks, and citation omitted); *see also State v. Hernandez*, 2016-NMCA-008, ¶ 17, 364 P.3d 313 ("We are not made aware of any authority to support the notion that an investigatory stop requires law enforcement officers to know . . . that the owner of the subject vehicle was 'in fact' involved in criminal activity. Again, reasonable suspicion does not deal with hard certainties, but with probabilities." (internal quotation marks and citation omitted)). Therefore, under the totality of the circumstances, Officer Wilson's observations were sufficient to justify a traffic stop to determine whether Defendant was intoxicated despite his erroneous belief to the contrary.

**{12}**     Given our holding, we need not address whether Officer Wilson also had reasonable suspicion to stop Defendant for violating Section 66-7-317. Furthermore, as

---

2Defendant claims the first crossing was the result of Defendant's attempt to avoid a pothole. However, the district court did not find that any of the lane crossings were the result of avoiding potholes. Indeed, our independent review of the dashcam video leads us to conclude that Defendant drifted out of his lane before the pothole, only to enter back into the lane just in time to drive directly over the pothole. *See Martinez*, 2018-NMSC-007, ¶ 12 ("[W]here the issue to be determined rests upon interpretation of documentary evidence, this Court is in as good a position as the trial court to determine the facts and draw its own conclusions." ( internal quotations and citation omitted)). Nonetheless, even if Defendant's first lane crossing was justified by avoiding a pothole, his weaving within his lane and other two unexplained crossings are sufficient to establish reasonable suspicion of DWI.

we hold that Officer Wilson had reasonable suspicion to stop Defendant for DWI, which Defendant alleges was the real reason for the stop, Defendant's pretext argument also fails. *See State v. Alderete*, 2011-NMCA-055, ¶ 11, 149 N.M. 799, 255 P.3d 377 ("[W]hile evidence obtained from a search incident to a pretextual stop will be suppressed, suppression is only required if the unrelated motive *was not supported by reasonable suspicion or probable cause*." (omission, internal quotation marks, and citation omitted)).

**CONCLUSION**

**{13}** For the foregoing reasons, we affirm the district court's order denying Defendant's motion to suppress and remand for such further proceedings as may be necessary.

**{14}   IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**