This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38941**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**STENSON LEE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

The Law Offices of Scott M. Davidson
Scott M. Davidson
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Defendant appeals from an on-the-record district court judgment affirming his metropolitan court convictions for DWI (slightest degree), negligent use of a firearm, and open container. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}**     <u>Issue 1</u>: Defendant continues to claim that his vehicle stop was invalid because the officer stopped him for a pretextual reason, which this Court prohibited in *State v. Ochoa*, 2009-NMCA-002, 146 N.M. 32, 206 P.3d 143. [MIO 2] A pretextual traffic stop occurs when "a detention supportable by reasonable suspicion or probable cause to

believe that a traffic offense has occurred . . . is executed as a pretense to pursue . . . a different more serious investigative agenda for which there is no reasonable suspicion or probable cause." *Id.* ¶ 25.

**{3}** Defendant concedes that this issue was not preserved in the metropolitan court. [MIO 3] *See* Rule 12-321(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked."). We therefore review the issue for fundamental error pursuant to Rule 12-321(B)(2)(c) NMRA.

**{4}** Fundamental error "applies only if there has been a miscarriage of justice, if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done." *State v. Sutphin*, 2007-NMSC-045, ¶ 16, 142 N.M. 191, 164 P.3d 72 (internal quotation marks and citation omitted). The burden is on the party "alleging fundamental error" to "demonstrate the existence of circumstances that shock the conscience or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked." *State v. Cunningham*, 2000-NMSC-009, ¶ 21, 128 N.M. 711, 998 P.2d 176 (internal quotation marks and citation omitted).

**{5}** In determining whether a stop was pretextual, the trial court must "consider the totality of the circumstances, judge the credibility of witnesses, [and] weigh the evidence . . . [including] the objective reasonableness of an officer's actions and the subjective intent of the officer[.]" *State v. Ochoa*, 2009-NMCA-002, ¶ 39. Given this fact-dependent inquiry, which this Court is unable to make for the first time on appeal, we are unable to address Defendant's pretext argument on the merits. With respect to Defendant's continued suggestion that we remand the issue for a factual hearing, the record before us does not indicate that Defendant's issue warrants overlooking the failure to preserve it in the metropolitan court. We also reject Defendant's assertion that remand is always required when a fundamental right is involved and an issue has not been preserved. To the contrary, as applied specifically here, our case law holds that preservation is required for claims of pretext. *See Schuster v. N.M. Dep't of Tax'n & Revenue*, 2012-NMSC-025, ¶¶ 32-33, 283 P.3d 288 (addressing whether the appellant preserved his pretext argument); *State v. Scharff*, 2012-NMCA-087, ¶ 19, 284 P.3d 447 (concluding that the defendant's pretext argument was insufficient where it was not adequately preserved below because no testimony was elicited indicating that the traffic stop was a result of pretext, the issue was not raised during the suppression hearing, and no ruling by the district court was invoked).

**{6}** **Issue 2:** Defendant continues to challenge the sufficiency of the evidence to support his conviction in the metropolitan court for negligent use of a firearm. [MIO 17] We note that Defendant has abandoned his challenge to the sufficiency of the evidence to support his DWI conviction. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**{7}** When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{8}** In order to support the negligent use of a weapon, the evidence had to show that Defendant was carrying or had within his immediate grasp a deadly weapon while under the influence of alcohol. [RP 53] Defendant claims that the firearm was out of reach. [MIO 17] However, the State's evidence was that the firearm was found under the seat, and not somewhere it would be out of reach, and that he was under the influence of alcohol at the time. [RP 118]

**{9}** **Issue 3:** Defendant continues to claim that prosecutorial misconduct occurred when the prosecutor, during closing argument, referenced a flask that was found in Defendant's vehicle and stated that this indicates that Defendant "needs continual access to alcohol" and this was a "serious problem." [MIO 18] Defendant has conceded [DS 25] that he did not preserve this issue in the trial court, and we therefore review the issue under the fundamental error analysis set forth above.

**{10}** "The general rule is that an isolated comment made during closing argument is not sufficient to warrant reversal." *State v. Brown*, 1997-NMSC-29, ¶ 23, 123 N.M. 413, 941 P.2d 494. Given the isolated comments here, and the evidence supporting the "under the influence" element of DWI, we conclude that the comments do not "shock the conscience" as contemplated by our fundamental error standard of review. *See State v. Allen*, 2000-NMSC-002, ¶¶ 97-100, 128 N.M. 482, 994 P.2d 728 (holding that single improper comment in closing is not fundamental error in broader context of closing argument).

**{11}** Based on the foregoing, we affirm.

**{12}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**