# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2018-NMSC-015

Filing Date: February 15, 2018

Docket No. S-1-SC-35995

STATE OF NEW MEXICO,

      Plaintiff-Appellee,

v.

COREY FRANKLIN,

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Bennett J. Baur, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

Hector H. Balderas, Attorney General
Jane A. Bernstein, Assistant Attorney General
Santa Fe, NM

for Appellee

## OPINION

**VIGIL, Justice.**

## I.    INTRODUCTION

**{1}** The New Mexico Constitution ensures that "[n]o person shall be . . . denied equal protection of the laws." N.M. Const. art. II, § 18. The sole issue in this case is whether equal protection mandates that an offender who is guilty of first-degree murder be afforded the same opportunity to present evidence of mitigating circumstances at sentencing as an

offender convicted of a categorically less serious offense.[1] We conclude that this distinction does not violate equal protection, as first-degree murderers and lesser offenders are not similarly situated.

## II.    BACKGROUND

**{2}**    Defendant Corey Franklin pled guilty to one count of first-degree, willful and deliberate murder, the only offense currently designated as a "capital felony," in exchange for life in prison with a possibility of parole. *See* § 30-2-1(A). Due to his first-degree murder conviction, Defendant was subject to sentencing pursuant to Section 31-18-14. *See* § 30-2-1(A). Defendant was sentenced to life imprisonment with the possibility of a five-year period of parole after serving thirty years in prison.

**{3}**    Prior to sentencing, Defendant filed a motion seeking the opportunity to present mitigating evidence which could eventually shorten his sentence. While Defendant acknowledged that Section 31-18-14 does not expressly provide an opportunity to present mitigating evidence at the time of sentencing to those convicted of first-degree murder, he argued that this violates his due process rights under Article II, Section 18 of the New Mexico Constitution and his right to be free from cruel and unusual punishment under Article II, Section 13 of the New Mexico Constitution.

**{4}**    In his motion, Defendant noted that persons convicted of a lesser offense are provided with an opportunity to present mitigating circumstances at sentencing, which places them in a stronger position for parole than first-degree murderers. NMSA 1978, § 31-18-15.1(A)(1) (2009); *see, e.g.*, *State v. Juan*, 2010-NMSC-041, ¶¶ 35-39, 148 N.M. 747, 242 P.3d 314 (holding that the defendant, a noncapital offender, was permitted to present mitigating evidence under Section 31-18-15.1). Defendant contended that the lack of opportunity to present mitigating evidence "effectively diminishe[d his] due process rights with respect to the parole process."

**{5}**    Defendant also argued that his sentence was excessive and violated his right to be free from cruel and unusual punishment. Defendant urged the district court to declare "Section 31-18-14 and the sentencing consequences thereunder unconstitutional to the extent it does not allow for mitigation of the sentence in violation of [Defendant's] due process rights [and] right to be free from cruel and unusual punishment."

**{6}**    The district court denied Defendant's motion to declare Section 31-18-14

---

[1]This opinion refers to Defendant and others eligible for sentencing under NMSA 1978, Section 31-18-14 (2009) as "first-degree murderers" to avoid any confusion caused by the Legislature's use of the term "capital" following the 2009 repeal of the death penalty. *See* NMSA 1978, § 30-2-1(A) (1994) ("Whoever commits murder in the first degree is guilty of a capital felony.").

unconstitutional and concluded that it was within the Legislature's authority to decline to provide the opportunity to present evidence of mitigating circumstances to the most serious offenders. On May 16, 2016, the district court entered final judgment and sentenced Defendant to life imprisonment with the possibility of a five-year period of parole after he served thirty years in prison. On appeal, Defendant abandons these particular constitutional arguments, and instead challenges the sentencing distinction on equal protection grounds. Defendant advances this issue pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1.

## III.    ANALYSIS

### A.    Standard of Review

{7}    "We review the constitutionality of legislation de novo." *Rodriguez v. Brand W. Dairy*, 2016-NMSC-029, ¶ 10, 378 P.3d 13. In doing so, "we will not question the wisdom, policy, or justness of legislation enacted by our Legislature, and will presume that the legislation is constitutional." *Id.* (internal quotation marks and citation omitted). The Legislature has broad authority to "define criminal behavior and provide for its punishment." *Santillanes v. State*, 1993-NMSC-012, ¶ 41, 115 N.M. 215, 849 P.2d 358; *see also Ewing v. California*, 538 U.S. 11, 25 (2003) (explaining that sentencing rationales are policy decisions that are within the authority of state legislatures). Unless unconstitutional, we will not disturb the Legislature's proscription of criminal conduct and its consequences. *See State v. Maestas*, 2007-NMSC-001, ¶ 25, 140 N.M. 836, 149 P.3d 933.

### B.    Preservation

{8}    As a preliminary matter, we must determine whether the equal protection issue was preserved for review. Defendant concedes that "the issue was not expressly preserved as an equal protection issue," but argues that the essence of his due process argument at the district court was an equal protection claim. We disagree. In order to preserve a question for review, a party must fairly invoke a ruling or decision by the district court. Rule 12-321(A) NMRA. "[I]t is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked." *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (internal quotation marks and citation omitted).

{9}    Defendant did not develop an equal protection claim to the extent necessary to invoke a ruling by the district court. His motion touched on equal protection only insofar as it noted that the sentencing scheme places first-degree murderers at a disadvantage in arguing for parole, as compared to lesser offenders who are also eligible for a life sentence. The district court did not address the implications of the dissimilar treatment from an equal protection standpoint. We conclude that Defendant failed to preserve an equal protection challenge to Section 31-18-14 for review on appeal.

**{10}** Nonetheless, we have the discretion to consider unpreserved matters of general public importance. *See* Rule 12-321(B)(2)(a). Defendant's claim raises an issue of unusual importance in the development of New Mexico law. Prior to the repeal of the death penalty, first-degree murderers were constitutionally entitled to the opportunity to present mitigating arguments at sentencing. *See Hitchcock v. Dugger*, 481 U.S. 393, 399 (1987). We exercise our discretion to review Defendant's claim in light of the Legislature's abolition of the death penalty and the uncertainty attaching to the different statutory treatment of homicides that the Legislature continues to refer to as "capital felon[ies]" but which are no longer punishable by death.

## C.      Equal Protection

**{11}** We begin by applying the two-step equal protection analysis adopted in *Breen v. Carlsbad Municipal Schools*, 2005-NMSC-028, ¶ 9, 138 N.M. 331, 120 P.3d 413. *See Griego v. Oliver*, 2014-NMSC-003, ¶¶ 4, 27, 316 P.3d 865 (applying the two-part test and determining that same-sex couples were similarly situated to opposite-sex couples with respect to marriage); *see also Rodriguez*, 2016-NMSC-029, ¶ 2 (applying the two-part test and determining that farm workers were similarly situated to other agricultural workers). First, we determine whether first-degree murderers are similarly situated to lesser offenders with respect to the purpose of the statute. *See Rodriguez*, 2016-NMSC-029, ¶¶ 11-22. If they are not, the analysis ends. Second, if the offenders are similarly situated, we determine the appropriate level of scrutiny and whether the Legislature was adequately justified in requiring that noncapital offenders have the opportunity to present mitigating circumstances while declining to guarantee that opportunity to capital offenders. *See id.* ¶ 22.

**{12}** Defendant, following his conviction of first-degree murder, was sentenced in accordance with Section 31-18-14. Section 31-18-14 states simply: "[w]hen a defendant has been convicted of a capital felony, the defendant shall be sentenced to life imprisonment or life imprisonment without possibility of release or parole." Section 31-18-14 does not provide for the opportunity to present evidence of mitigating circumstances at sentencing. By contrast, Section 31-18-15.1 requires the district court to hold a sentencing hearing for lesser offenders.

**{13}** The relevant inquiry in determining whether two classes are similarly situated is whether "individuals in the group affected by a law have distinguishing characteristics relevant to interests the State has the authority to implement." *City of Cleburne. v. Cleburne Living Ctr.*, 473 U.S. 432, 441 (1985); *see also Rodriguez*, 2016-NMSC-029, ¶ 17 (concluding that "there [was] no unique characteristic that distinguishes injured farm and ranch laborers from other employees of agricultural employers"). Defendant and other offenders punishable under Section 31-18-14 have the distinguishing characteristic of a first-degree murder conviction. In making his equal protection argument, Defendant erroneously assumes that these categories of offender are similarly situated because both could receive life sentences. This ignores the fact that first-degree murderers are guilty of a categorically more serious offense. *See* § 30-2-1(A).

4

**{14}** This Court has noted that first-degree murder "is reserved for the most heinous and reprehensible of killings, and therefore deserving of the most serious punishment under this state's law." *State v. Tafoya*, 2012-NMSC-030, ¶ 38, 285 P.3d 604 (internal quotation marks and citations omitted). Similarly, we upheld NMSA 1978, Section 31-21-10(A) (Repl. Pamp. 1987), which prevented capital felons from receiving meritorious sentence deductions before their thirty-year life terms have elapsed, even though noncapital convicts may receive the deductions within thirty years. *Martinez v. State*, 1989-NMSC-026, ¶ 2, 108 N.M. 382, 772 P.2d 1305 ("There is a rational and natural basis for confining capital felons to the penitentiary for at least thirty years, and depriving them of meritorious deductions, while at the same time granting noncapital felons the right to seek earlier parole on the basis of meritorious deductions.").

**{15}** Other courts have upheld sentencing schemes that do not guarantee a right to present mitigating evidence to those convicted of first-degree murder. *State v. Ulm*, 326 N.W.2d 159, 163 (Minn. 1982) (upholding a legislative distinction between first-degree murder and lesser offenses as "constitutionally permissible"). The New Mexico Legislature has taken a similar stance in enacting Sections 31-18-14 and 31-18-15.1, which establish distinct sentencing schemes for first-degree murder and less serious crimes. It is the Legislature's prerogative to make these policy decisions. *See Santillanes*, 1993-NMSC-012, ¶ 41; *see also Ewing*, 538 U.S. at 25 (explaining that state legislatures have the authority to make policy choices related to sentencing).

**{16}** If the Legislature intended for first-degree murderers to have the opportunity to present mitigating circumstances at sentencing, it could have included affirmative language granting this right. Section 31-18-15.1(A)(1), the controlling sentencing statute for lesser offenders, mandates that

> [t]he court shall hold a sentencing hearing to determine if mitigating or aggravating circumstances exist and take whatever evidence or statements it deems will aid it in reaching a decision to alter a basic sentence. The judge may alter the basic sentence . . . upon . . . a finding by the judge of any mitigating circumstances surrounding the offense or concerning the offender.

*See State v. Tomlinson*, 1982-NMCA-025, ¶¶ 11-12, 98 N.M. 337, 648 P.2d 795 (holding that the use of the word "shall" in Section 31-18-15.1, the statute governing noncapital felonies and directing district courts to hold sentencing hearings, was intended to make a sentencing hearing mandatory to allow parties to provide mitigation evidence). Section 31-18-14 includes no such language. The difference in language relating to the sentencing hearing in this case reveals a clear intent to create different sentencing procedures for different categories of offense. *See State v. Wyrostek*, 1994-NMSC-042, ¶ 17, 117 N.M. 514, 873 P.2d 260 ("We do not read language into the Act that is not there.").

**{17}** The repeal of the death penalty does not give us reason to conclude otherwise. *Cf. Oliver*, 2014-NMSC-003, ¶¶ 30-31 (examining the history of marriage laws for any

indication of the purposes of those laws). Until 2009, the Legislature was obliged to provide death-eligible offenders with an opportunity to present mitigating evidence at sentencing. *See Hitchcock*, 481 U.S. at 399. However, in 2009, the Legislature repealed the death penalty and the statute mandating a sentencing hearing for a death penalty-eligible case. H.B. 285, 49th Leg., 1st Sess. (N.M. 2009); NMSA 1978, § 31-18-14.1 (2001, repealed 2009). The imposition of distinct sentencing schemes for first-degree murder and lesser offenses reflects an intent that those convicted of first-degree murder be treated differently from less serious offenders, regardless of the maximum possible penalty. This is a lawful exercise of the legislative authority to distinguish between different levels of offense and establish corresponding sentencing schemes. Because the classes are not similarly situated for these purposes, we do not reach the second step of the equal protection analysis.

**D.     Request for Remand to Present Evidence of Mitigating Circumstances**

**{18}**     We decline Defendant's request to remand this matter to the district court for an evidentiary hearing on mitigating circumstances to preserve such evidence for consideration at parole after Defendant serves the minimum of a thirty-year life sentence. NMSA 1978, Section 31-21-10(A)(2)(b) (2009) provides, "[a]n inmate . . . sentenced to life imprisonment becomes eligible for a parole hearing after the inmate has served thirty years of the sentence. *Before ordering the parole* of an inmate sentenced to life imprisonment, the board shall . . . consider all pertinent information concerning the inmate, including . . . mitigating . . . circumstances." (Emphasis added). The plain language of the statute guarantees that the parole board consider mitigating circumstances before ordering parole. Nothing in the plain language of the statute mandates the district court to take and consider this evidence at the initial time of sentencing and we decline Defendant's request that we order the district court to do so in this case.

**IV.     CONCLUSION**

**{19}**     For the foregoing reasons, we conclude that defendants convicted of first-degree murder and those convicted of lesser offenses are not similarly situated, and consequently that Section 31-18-14 does not violate Defendant's constitutional right to equal protection.

**{20}     IT IS SO ORDERED.**

_____
                                        **BARBARA J. VIGIL, Justice**

**WE CONCUR:**

_____
**JUDITH K. NAKAMURA, Chief Justice**

_____

6

**PETRA JIMENEZ MAES, Justice**

_____

**EDWARD L. CHÁVEZ, Justice**

_____

**CHARLES W. DANIELS, Justice**