This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37665**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MARISSA GARCIA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea District Judge**

Hector H. Balderas, Attorney General
Cole P. Wilson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Marissa Garcia appeals the district court's order revoking probation and imposing judgment and sentence. Defendant raises the following arguments on appeal: (1) she is entitled to withdraw her probation violation admissions because the district court failed to ensure that they were made knowingly and voluntarily, in violation of her due process rights; (2) she received ineffective assistance of counsel during her third probation revocation hearing; and (3) the district court abused its discretion in denying her motion to reconsider sentence. We affirm.

## BACKGROUND

**{2}** In October 2015, Defendant pleaded guilty to ten felonies related to four different cases including: aggravated burglary and conspiracy to commit aggravated burglary, contrary to NMSA 1978, Section 30-16-4(B) (1963) and NMSA 1978, Section 30-28-2 (1979), and one count of larceny (over $2500), contrary to NMSA 1978, Section 30-16-1 (2006) in CR-2014-843; burglary of a vehicle and conspiracy to commit burglary of a vehicle, contrary to NMSA 1978, Section 30-16-3(B) (1971), and Section 30-28-2 in CR-2014-605; residential burglary, contrary to Section 30-16-3(A) in CR-2014-985; and residential burglary and conspiracy to commit residential burglary, contrary to Sections 30-16-3(A) and 30-28-2, larceny (over $2500), contrary to Section 30-16-1, and receiving stolen property (dispose) (over $250), contrary to NMSA 1978, Section 30-16-11 (2006) in CR-2014-971.

**{3}** Concerning CR-2014-843, the district court imposed a period of incarceration of nine years for aggravated burglary, eighteen months for conspiracy to commit aggravated burglary, and three years for larceny, with each running consecutively for a total of thirteen and one-half years. As to the other cases, the district court imposed the maximum sentence in each to run concurrently to the sentence in CR-2014-843. The district court deferred the imposition of Defendant's sentence for five years and placed Defendant on probation with standard and special conditions of probation, including enrolling Defendant in the drug court program.

**{4}** Shortly after sentencing and before Defendant's judgments and sentences were filed, the State filed a petition to revoke her probation, alleging that Defendant had used illegal substances; that she had failed to provide the district court with accurate and truthful information at her sentencing hearing; that she associated with people detrimental to her probation supervision; and that she tested positive for multiple illegal substances. Defendant pleaded no contest to the violations. The district court revoked and reinstated Defendant's probation under a deferred sentence, and ordered Defendant to enroll in and successfully complete the Women's Recovery Academy, an inpatient drug treatment program.

**{5}** In September 2017, the State filed a second petition to revoke probation, alleging that Defendant failed to report to her probation and parole officer, that she admitted to using multiple illegal substances, and that she absconded from supervision. Defendant again admitted to the violations. The district court again revoked and reinstated Defendant's probation under a deferred sentence. As a new condition of probation, the district court ordered Defendant to participate in and successfully complete the drug court program.[1] The district court cautioned Defendant that were she to violate her probation again, she would "be going to the Department of Corrections," which Defendant affirmed that she understood. The district court imposed a zero-tolerance warning at the close of this hearing.

---

1Defendant was ordered to complete the drug court program as one of the conditions of her probation, but was given a no-default discharge due to a lack of funding for the program.

**{6}**    In October 2017, Defendant was a passenger in a stolen motor vehicle with two other convicted felons, Sammy Valdez and Yvonne Leyba, that crashed into a telephone pole. The vehicle had a fictitious license plate, and hypodermic needles and drug paraphernalia were found inside the vehicle. Defendant was transported to the hospital with instructions to report to probation and parole upon her release. Defendant reported to probation and parole where she stated that, on the evening of October 12, 2017, she and Valdez used heroin and then drove around all night with her minor daughter in the vehicle, and that on October 13, 2017, Defendant injected methamphetamine and opiates, left her minor daughter with another person known to be an offender, and that shortly thereafter Defendant, Valdez, and Leyba were involved in the accident. Probation and parole ordered Defendant to enter a partial hospitalization program at 8:00 a.m. on October 14, 2017, and to attend drug court orientation on October 18, 2017. Defendant failed to attend the drug court orientation program and failed to report for her next monthly scheduled probation appointment. Probation and parole attempted to, but was unable to make contact with Defendant after she failed to appear for her monthly appointment, leading to the conclusion that Defendant had absconded from supervision. Probation and parole also learned that Defendant's minor child had tested positive for illegal substances.

**{7}**    In November 2017, the State filed a third petition to revoke Defendant's probation, alleging she violated several conditions of her probation. The eleven alleged violations included the following: her minor child testing positive for illegal substances; failure to report to probation and parole as required; failure to obtain permission from probation and parole before making changes to her residence; associating with people detrimental to her probation supervision; using illegal substances; absconding from supervision; failure to pay two special fees as ordered; failure to attend drug court orientation; failure to enter a partial hospitalization program as ordered; and violation of conditions of her probation contrary to the zero-tolerance warning. The district court issued a warrant for Defendant's arrest, and Defendant was arrested in December 2017.

**{8}**    At Defendant's third probation revocation hearing, defense counsel informed the district court that Defendant had reviewed the petitions in all four cases and that he had gone over them with her as well as her rights. Defense counsel also informed the district court that Defendant would like to admit to the violations in all four cases and that there was no agreement in terms of sentencing. Defendant affirmed that she had an opportunity to review each of allegations contained in the four petitions, and when asked directly, Defendant stated that she wished to admit the violations in all four cases. After noting that Defendant was on her third probation revocation, the State asked, with regard to CR-2014-843, that the district court impose a sentence of twelve years incarceration by running counts one and two consecutive to each other, and count three concurrent to count one, and stated that it did not oppose running Defendant's other cases concurrent to the sentence imposed in CR-2014-843. Defense counsel argued that Defendant would not benefit from a twelve-year sentence and requested an unsatisfactory discharge from probation or continued probation following completion of a two-year drug treatment program. The district court revoked Defendant's probation in all

cases and sentenced Defendant to an aggregate sentence of twelve years in the Department of Corrections in CR-2014-843, as requested by the State. The district court revoked Defendant's deferred sentence in her remaining three cases and sentenced her to a total of three years in each case, ordering that the sentences in those cases run concurrent to CR-2014-843.

**{9}**    Following her third probation revocation hearing, Defendant filed a motion to withdraw her admissions to violating her probation and a motion to reconsider sentence. In her motion to withdraw her admissions, Defendant contended that the record did not establish she knowingly and voluntarily admitted to her probation violations in violation of her due process rights to be given fair notice of the allegations against her. Defendant further suggested that the district court should consider Rule 5-303(F) NMRA for guidance with regard to the admonishments it provides to a probationer during a probation revocation proceeding. However, Defendant later withdrew the motion and instead chose to proceed only on her motion to reconsider her sentence. After a hearing on the motion to reconsider, the district court denied the motion. This appeal followed and all four cases were consolidated before this Court on appeal.

## DISCUSSION

**{10}**   We first address Defendant's argument that she is entitled to withdraw her probation violation admissions because the district court did not ensure her admissions were knowing and voluntary in violation of her due process rights. We then turn to Defendant's ineffective assistance of counsel claim, and then her claim that the denial of her motion to reconsider sentence was an abuse of discretion.

### Probation Violation Admissions

**{11}**   On appeal, Defendant seeks withdrawal of her admissions to violating probation in each of her four district court cases, contending that the district court failed to ensure that her admissions were knowing and voluntary. Defendant contends that the district court's failure to ensure she understood her rights and the consequences of her probation violation admissions, including her full sentencing exposure, violated her due process rights. The State responds that Defendant failed to preserve this issue for review, that under the totality of the circumstances Defendant's admissions were knowing and voluntary, and "no rule of procedure or notion of due process required the district court" to engage in a colloquy before accepting an admission to a probation violation.

**{12}**   We conclude that Defendant failed to adequately preserve this issue for review on appeal. "To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked." Rule 12-321(A) NMRA. While Defendant did file a motion to withdraw her probation violation admissions below, Defendant withdrew this motion before the district court could rule on it. Defendant has not argued that we should review her argument despite the lack of preservation. *See* Rule 12-321(B). We therefore decline to address the merits of the issue. *See Elane Photography, LLC v.*

*Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (recognizing that ruling on inadequately briefed issues would require courts to develop parties' arguments for them, creating a "substantial risk of error").

**{13}** To the extent Defendant contends that the issue was preserved because she presented the issue to the district court when moving to withdraw her admissions, a written motion does not sufficiently preserve an issue for review, especially here where Defendant did not pursue a ruling on the motion. *See, e.g.*, *State v. Franklin*, 2018-NMSC-015, ¶ 9, 413 P.3d 861 ("[The d]efendant did not develop [a] . . . claim to the extent necessary to invoke a ruling by the district court."); *see also State v. Scharff*, 2012-NMCA-087, ¶ 19, 284 P.3d 447 ("[The d]efendant initially raised the . . . argument in her written pleadings related to the suppression motion. However, [the d]efendant later failed to raise the issue during the suppression hearing and did not invoke a ruling by the district court on the . . . issue.").

**{14}** Because this issue was not properly preserved and Defendant has not argued any preservation exceptions, we decline to address Defendant's argument that her admission was not knowing and voluntary. We now address Defendant's argument that she received ineffective assistance of counsel.

**Ineffective Assistance of Counsel**

**{15}** Defendant argues that she received ineffective assistance of counsel. In support, Defendant contends that her counsel was ineffective because: (1) her counsel only met with her for ten minutes prior to her probation revocation hearing; (2) counsel during her probation hearing was not counsel of record when she entered her guilty pleas, and it is unclear if he understood her total exposure during the probation revocation hearing; and (3) defense counsel failed to negotiate a lighter sentence in exchange for her admission to her probation violations. We disagree, and explain.

**{16}** "We review claims of ineffective assistance of counsel de novo." *State v. Pitner*, 2016-NMCA-102, ¶ 14, 385 P.3d 665 (internal quotation marks and citation omitted). "[T]here is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Garcia*, 2011-NMSC-003, ¶ 33, 149 N.M. 185, 246 P.3d 1057 (internal quotation marks and citation omitted). "In order to establish a prima facie case of ineffective assistance of counsel on direct appeal, a defendant must demonstrate that: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense." *State v. Bahney*, 2012-NMCA-039, ¶ 48, 274 P.3d 134. "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. Because the record is frequently insufficient to establish whether an action taken by defense counsel was not reasonable or an error caused prejudice, ineffective assistance of counsel claims are often better addressed in habeas corpus proceedings. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 38, 278 P.3d 517.

**{17}** In this case, Defendant has failed to establish a prima facie case of ineffective assistance of counsel. As to Defendant's claim that counsel was ineffective because he only met with her for ten minutes, "the amount of time counsel spent with [D]efendant, without more, does not constitute ineffective assistance of counsel." *State v. Chamberlain*, 1991-NMSC-094, ¶ 47, 112 N.M. 723, 819 P.2d 673. Regarding Defendant's suggestion that it is unclear if her counsel understood her total exposure, Defendant does not claim that her counsel erroneously advised her that, upon admitting to the probation violations, her exposure was limited to three years. Aside from Defendant's speculation that defense counsel may not have understood what her total exposure was and her claim that after meeting with counsel she believed her exposure was three years, the record is devoid of any evidence to overcome the "strong presumption that trial counsel's conduct f[ell] within the wide range of reasonable professional assistance." *Garcia*, 2011-NMSC-003, ¶ 33 (internal quotation marks and citation omitted). To the contrary, during the probation revocation hearing, Defendant's counsel argued against a twelve-year sentence, revealing that counsel understood Defendant's exposure was not capped at three years. To the extent Defendant argues her counsel failed to negotiate for a shorter sentence, Defendant recognizes that, if sentencing negotiations occurred, they were not made on record. This Court cannot evaluate if Defendant's counsel performed deficiently regarding sentencing negotiations without something in the record to review to this effect. Therefore, Defendant has not demonstrated that her counsel's performance fell below that of a reasonably competent attorney.

**{18}** The record also does not support a finding of prejudice resulting from defense counsel's performance. Defendant points to no evidence in the record suggesting that a longer conversation with counsel or sentencing negotiations between her counsel and the State would have resulted in a shorter sentence.

**{19}** During Defendant's third probation revocation hearing, both the State and the district court observed Defendant had received multiple opportunities to comply with the conditions of her probation. In addition, the vehicle involved in the accident leading to the third petition to revoke probation was stolen, which was of particular concern given Defendant's history of theft, and Defendant was pending on a charge of child abuse after her minor child tested positive for illegal substances. Probation and parole stated that they had exhausted all their resources for Defendant. Given the district court's zero-tolerance warning to Defendant at the conclusion of her second probation revocation hearing, the factual allegations supporting the third petition to revoke probation, and the issuance of a warrant for her arrest, the record simply does not demonstrate that the district court would have been inclined to impose a shorter sentence.

**{20}** For the reasons stated above, we hold that Defendant has not made a prima facie case of ineffective assistance of counsel on direct appeal. We therefore decline to remand the case to the district court for a hearing on Defendant's claim of ineffective assistance. *See State v. Swavola*, 1992-NMCA-089, ¶ 3, 114 N.M. 472, 840 P.2d 1238 (restricting remand "to those cases in which the record on appeal establishes a prima facie case of ineffective assistance"). We note that Defendant may still pursue this claim

through a habeas corpus proceeding should she believe a factual basis exists for such a claim. *See State v. Cordova*, 2014-NMCA-081, ¶ 7, 331 P.3d 980 ("Our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal.").

**Motion to Reconsider Sentence**

**{21}** Finally, we address Defendant's argument that the district court erred by denying her motion to reconsider sentence. Defendant argues that the district court erred because (1) her sentence was unduly harsh due to her age, and (2) there was evidence before the sentencing court that she was under the impression she would only be incarcerated for her remaining probation term. We disagree, and explain.

**{22}** "Sentencing is reviewed for an abuse of discretion." *State v. Vasquez*, 2010-NMCA-041, ¶ 41, 148 N.M. 202, 232 P.3d 438. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize [the ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). "In the sentencing context, generally, a district court must consider many factors when it makes a sentencing determination, and the court is given broad discretion to fashion a sentence appropriate to the offense and the offender." *State v. Lavone*, 2011-NMCA-084, ¶ 9, 150 N.M. 473, 261 P.3d 1105 (internal quotation marks and citation omitted).

**{23}** In its order, the district court stated that it had reviewed the case file and heard arguments from both parties, observing that Defendant presented a sentencing memorandum outlining her successes and that the State presented testimony from the victims of Defendant's crimes. The district court, after considering all the arguments presented and Defendant's criminal history, denied Defendant's motion to reconsider sentence. The district court considered many factors and imposed a sentence it determined was appropriate in light of Defendant's criminal history.

**{24}** To the extent Defendant contends she was not aware of her full sentencing exposure, which she contends demonstrates that she did not knowingly and voluntarily admit to violating probation, she does not explain how this lack of knowledge required the district court to impose a shorter sentence. As such, we cannot state that the district court abused its discretion by denying Defendant's motion to reconsider. We therefore affirm the district court's denial of Defendant's motion to reconsider sentence.

**CONCLUSION**

**{25}** We decline to consider Defendant's unpreserved claim of a fundamental right to a knowing and voluntary admission of violating probation, we hold Defendant failed to make a prima facie showing of a claim of ineffective assistance of counsel, and we affirm the district court's denial of Defendant's motion to reconsider sentence.

**{26}** IT IS SO ORDERED.

JACQUELINE R. MEDINA, Judge

WE CONCUR:

ZACHARY A. IVES, Judge

JANE B. YOHALEM, Judge